**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| SHAKAZULU KASENZANGAKHONA,<br><br>  Petitioner,<br><br>  v.<br><br>L. CANO, et al.,<br><br>  Respondents. | Case No. 1:24-cv-00358 JLT SKO (HC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS, DISMISSING THE PETITION FOR WRIT OF HABEAS CORPUS, AND DIRECTING THE CLERK OF COURT TO ENTER JUDGMENT AND CLOSE CASE<br>(Doc. 5)<br><br>ORDER DECLINING TO ISSUE CERTIFICATE OF APPEALABILITY |

Shakazulu Kasenzangakhona is a state prisoner proceeding *pro se* and *in forma pauperis* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The assigned magistrate judge found the petition was unexhausted, because Petitioner "has not presented his claims to the California courts." (Doc. 5 at 4.) In addition, the magistrate judge observed that Petitioner "does not challenge his conviction," but rather "challenges the conditions of his confinement and seeks a transfer between facilities." (*Id.*) Therefore, the magistrate judge recommended the petition be dismissed without prejudice. (*Id.* at 5.)

Petitioner filed timely objections to the Findings and Recommendations. (Docs. 7, 8.) Petitioner concedes, "I have not exhausted by state remedies." (Doc. 7 at 4.) He asserts he is in the process of seeking relief in the Kings County Superior Court. (*Id.*) He requests a stay of the proceedings pending exhaustion of his state remedies. (*Id.*) In addition, Petitioner requests

1

injunctive relief, requesting the Court mandate staff at the Substance Abuse Treatment Facility (SATF) remove his VIO Administrative Determinate classification.  (Doc. 8 at 6.)

According to 28 U.S.C. § 636(b)(1)(C), this Court performed a *de novo* review of this case.  Having carefully reviewed the matter, the Court concludes the Findings and Recommendations are supported by the record and proper analysis.

A district court has discretion to stay an unexhausted petition and allow the petitioner to return to state court to exhaust his state remedies. *Rhines v. Weber*, 544 U.S. 269, 277 (2005); *Calderon v. United States Dist. Court (Taylor)*, 134 F.3d 981, 987-88 (9th Cir.1998).  However, the Supreme Court has held that this discretion is circumscribed by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA).  *Rhines*, 544 U.S. at 277.  In light of AEDPA's objectives, "stay and abeyance [is] available only in limited circumstances" and "is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court." *Id*. at 277.  Petitioner fails to make a showing of good cause for a stay.  The Court can find no reason why Petitioner would not be able to refile his petition once exhaustion has been completed, should the state courts deny relief.  On the other hand, the Court's docket is substantial, and the additional burden of monitoring Petitioner's progression through the state courts would be an inefficient use of judicial resources.

Furthermore, Petitioner is not entitled to injunctive relief in this action.  A preliminary injunction is "an extraordinary remedy that may only be awarded upon a clear showing that the [petitioner] is entitled to such relief." *Winter v. Nat. Res. Def. Council, Inc.,* 555 U.S. 7, 24 (2008).  A court may grant such relief only upon a petitioner's showing of (1) likelihood of success on the merits, (2) likelihood of irreparable harm in the absence of preliminary relief, (3) the balance of equities weighs in petitioner's favor, and (4) an injunction is in the public interest.  *Id.* at 20.  Petitioner shows neither a likelihood of success on the merits—given the finding that his claims are unexhausted—nor a likelihood of irreparable harm.  The Court also lacks jurisdiction over prison officials in general, such as unidentified staff at the SATF facility, and thus lacks jurisdiction to grant the relief requested.  *See Summers v. Earth Island Inst*., 555 U.S. 488, 491-93 (2009); *Mayfield v. United States*, 599 F.3d 964, 969 (9th Cir. 2010).

Finally, the Court declines to issue a certificate of appealability. A state prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition, and an appeal is only allowed in certain circumstances. *Miller-El v. Cockrell*, 537 U.S. 322, 335-336 (2003). The controlling statute in determining whether to issue a certificate of appealability is 28 U.S.C. § 2253, which provides as follows:

> (a) In a habeas corpus proceeding or a proceeding under section 2255 before a district judge, the final order shall be subject to review, on appeal, by the court of appeals for the circuit in which the proceeding is held.
>
> (b) There shall be no right of appeal from a final order in a proceeding to test the validity of a warrant to remove to another district or place for commitment or trial a person charged with a criminal offense against the United States, or to test the validity of such person's detention pending removal proceedings.
>
> (c) (1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from—
>
>> (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or
>>
>> (B) the final order in a proceeding under section 2255.
>
> (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

If a court denies a petitioner's petition, the court may only issue a certificate of appealability when a petitioner makes a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). To make a substantial showing, the petitioner must establish that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 (1983)). In the present case, Petitioner did not make the required substantial showing of the denial of a constitutional right to justify the issuance of a certificate of appealability. Reasonable jurists would not find the Court's determination that Petitioner is not entitled to federal habeas corpus relief debatable, wrong, or deserving of

3

encouragement to proceed further.  Thus, the Court declines to issue a certificate of appealability.

Based upon the foregoing, the Court **ORDERS**:

1. The Findings and Recommendations issued on April 4, 2024 (Doc. 5) are **ADOPTED** in full.
2. The petition for writ of habeas corpus is **DISMISSED** without prejudice.
3. Petitioner's request for injunctive relief (Doc. 8) is **DENIED**.
4. The Clerk of Court is directed to enter judgment and close the case.
5. The Court declines to issue a certificate of appealability.

This order terminates the action in its entirety.

IT IS SO ORDERED.

Dated:   **April 19, 2024**

UNITED STATES DISTRICT JUDGE